IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUNFEI GE,
        Plaintiff,

v.                                                Civil Action No. 3:18-cv-00889

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES, et al.,
        Defendants.

## **OPINION**

Junfei Ge, a Chinese citizen, applied for naturalization in the United States through the Military Accessions Vital to the National Interest recruitment program ("MAVNI") on May 25, 2016. More than three years later, the United States Citizenship and Immigration Services ("USCIS") has not rendered a decision on Ge's application. Ge asks the Court to exercise its authority under 8 U.S.C. § 1447(b) to decide his application. In the alternative, Ge requests that the Court compel USCIS to render a decision based on either the agency's unreasonable delay under the Administrative Procedure Act ("APA"), or its failure to fulfill a duty owed to the plaintiff under the Mandamus Act.

The defendants—USCIS; L. Francis Cissna, the Director of USCIS; and Frank Reffel, the Norfolk Field Office Director of USCIS—filed a motion to remand Ge's § 1447(b) claim to USCIS to adjudicate his naturalization application once the Department of Defense ("DOD") completes Ge's background check. They also filed a motion to dismiss Ge's APA and Mandamus Act claims for lack of jurisdiction.

Because courts remand when a statute primarily places a matter in agency hands, the Court will exercise its authority under § 1447(b) to remand the case to USCIS. Ge's application, however, has been pending for over three years, so the Court will instruct USCIS to render a

decision within forty-five days. If the agency does not adjudicate his application in that time frame, Ge will have fifteen days to inform the Court so that it can exercise its authority to decide his application. Because the Court decides the case under § 1447(b), the Court will not reach Ge's other two claims.

## I. BACKGROUND

Ge is a twenty-eight-year-old citizen of China stationed at Fort Lee, Virginia, where he has been on active duty as a soldier in the U.S. Army since 2016. Ge joined the Army to participate in MAVNI, which aims to recruit individuals with valuable skills to serve in the U.S. military in return for expedited processing of their U.S. naturalization applications.

Ge originally entered the United States on December 28, 2011, on an F-1 student visa, which requires that students plan to return to their home countries upon the visa's expiration. After Ge learned about the MAVNI program, he enlisted in the U.S. Army in November, 2015. Naturalization through the MAVNI program requires the applicant to intend to remain in the United States, so when Ge joined the program, he gave up his eligibility to hold an F-1 visa.

Ge reported for active military duty on May 17, 2016. Shortly thereafter, on May 25, 2016, Ge submitted the required paperwork for naturalization. He first interviewed for naturalization and passed all the required citizenship tests on July 13, 2016, but USCIS failed to decide his application within 120 days.[1] Presumably because USCIS had not made a decision, Ge interviewed a second time in May, 2017. Following that interview, Ge received notice that USCIS

---

[1] If USCIS does not decide a naturalization application within 120 days of the "examination," the applicant can ask a federal district court for a hearing. 8 U.S.C. § 1447(b). Courts have debated the meaning of "examination," but the parties here seem to agree that the time runs from the interview date. *See Kradi v. Chertoff*, No. 3:08-cv-139, 2008 WL 2780984, at *2-3 (E.D. Va. July 16, 2008) (acknowledging the court split and holding that the 120-day period starts after the interview).

2

had approved his application and that his naturalization oath ceremony was scheduled for July 25, 2017. On July 7, 2017, however, Ge received an e-mail stating that his naturalization ceremony was cancelled "due to unforeseen circumstances." (Dk. No. 1, at 45.) USCIS did not contact Ge to reschedule his ceremony. By September 6, 2017, 120 days after Ge's second interview, USCIS had not adjudicated Ge's application or provided him with any explanation of what "unforeseen circumstances" had disrupted his naturalization process. (*Id.*)

Ge filed this complaint on December 27, 2018. The defendants moved to dismiss, citing agency guidance that USCIS issued July 7, 2017. The new guidance instructed employees to place a hold on all MAVNI naturalization approvals pending the completion of "enhanced" background investigations conducted by the DOD. The guidance further provided that any applicants that USCIS had already approved should not attend an oath ceremony until the DOD finished their enhanced background check. The FBI has completed Ge's standard background check as required by USCIS, 8 C.F.R. § 335.2(b), but the DOD has not completed Ge's enhanced background check, accounting for the delay in his naturalization application.

Ge cannot leave the military base because he lacks a lawful basis for residence in the United States. He does not want to risk deportation to China, where officials would consider him a traitor for his participation in the U.S. military. Additionally, Ge's wife has an F-1 visa that will soon expire and, without citizenship, Ge cannot petition for his wife's citizenship. Ge also says that his lack of citizenship precludes him from advancing in his military career.

Ge asserts three claims for relief. First, pursuant to § 1447(b), he asks the Court to approve his naturalization application or remand it to USCIS with instructions to adjudicate his application and schedule him for an oath ceremony within twenty-one days. Second, Ge asserts that the defendants have violated the APA by failing to conclude the matter presented to them "within a

3

reasonable time," and asks the Court to compel USCIS to act. *See* 5 U.S.C. §§ 555, 706(1). Third, Ge asks the Court to issue a writ of mandamus compelling USCIS to "follow their own statutes, regulations, and policies with respect to Plaintiff's naturalization application, and to promptly administer Plaintiff's Oath Ceremony." (Dk. No. 1, at 11.)

The defendants moved to dismiss Ge's APA and Mandamus Act claims for lack of jurisdiction and to remand Ge's § 1447(b) claim to USCIS to adjudicate his naturalization application after the DOD completes his enhanced background check.

## II. <u>DISCUSSION</u>

### *A. Claim Pursuant to 8 U.S.C. § 1447(b)*

Ge asks the Court to grant his application pursuant to its authority under 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Ge appeared for an interview with USCIS in July, 2016, and for a second interview in May, 2017. USCIS has taken significantly longer than 120 days from both dates to decide his application.

Courts should generally "remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16 (2002). "[J]udicial deference . . . is especially appropriate in the immigration context." *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999).

Relying on this principle, the Court remanded a naturalization case to USCIS for adjudication. *Kradi*, 2008 WL 2780984, at *3-4. In *Kradi*, the FBI had not completed the

plaintiff's background check, which led to a delay in his application. *Id.* The Court noted that § 1447(b) grants district courts the authority to decide the application *or* to remand the case. *Id.* The Court found it appropriate to remand so that USCIS could decide "a matter that statutes place primarily in agency hands." *Id.*; *see also Baig v. Caterisano*, No. 3:07-cv-689, 2008 WL 631206, at *3-4 (E.D. Va. Mar. 7, 2008) (remanding to USCIS on similar grounds). Similarly, in *Manzoor v. Chertoff*, the Court remanded the plaintiff's application to USCIS, explaining that the Court would "not assume [US]CIS's responsibilities related to the adjudication of a particular naturalization application merely because the FBI's investigation of the applicant has been delayed." 472 F. Supp. 2d. 801, 810 (E.D. Va. 2007). The Court noted that the "vast majority" of courts that have exercised jurisdiction pursuant to § 1447(b) have remanded to USCIS with appropriate instructions, rather than decide the application. *Id.* (citing cases).

Although *Kradi*, *Baig*, and *Manzoor* involved applications delayed by FBI background checks, similar principles apply in the context of the DOD enhanced background checks. Thus, the Court will grant the motion to remand Ge's case to USCIS. The Court, however, has concerns about the three-year delay in Ge's "expedited" naturalization process. "While the [C]ourt understands and supports the need for adequate background checks, it cannot permit the process to deny an applicant his or her rights to a decision in a reasonable period of time." *Majid v. U.S. Dep't of Homeland Sec.*, No. 8:07-cv-25, 2007 WL 1725272, at *2 (D. Neb. June 12, 2007) (citing a delay of "nearly three years"). To address these concerns, Congress empowered district courts to remand cases to USCIS with specific instructions. *See Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir. 2007). These instructions may include "directions to the [US]CIS to take a particular course of action on an application, *to adjudicate an application within a particular period of time*, or to follow any number of other directions." *Id.* (emphasis added).

5

Courts have provided instructions to USCIS to render decisions on naturalization applications within certain time frames in cases similar to Ge's. For example, in *Alipio v. Holder*, the court remanded the plaintiff's case to USCIS and instructed the agency to render a decision within forty-five days. No. AW-09-3196, 2010 WL 2038743, at *3 (D. Md. May 10, 2010). The court dismissed the action without prejudice and gave the plaintiff ninety days to reopen the case if USCIS did not decide his application within forty-five days. *Id*; *see also Mahd v. Chertoff*, No. 06-cv-1023, 2007 WL 891867, at *3 (D. Colo. Mar. 22, 2007) (instructing the FBI to complete the plaintiff's background check in forty-five days and USCIS to render a decision forty-five days thereafter). Another court required USCIS to reappear in sixty days if the agency did not render a decision to show cause why the court should not "immediately determine plaintiff's naturalization application." *Majid*, 2007 WL 1725272, at *2.

In this case, Ge's application for naturalization has been pending for three years. USCIS approved his application in July, 2017, before the DOD issued its new guidance. The FBI has completed its background check, but USCIS awaits the results of the DOD's enhanced background check,[2] which the DOD has had ample time to complete.[3] In light of these circumstances, the Court will remand the case with specific instructions for USCIS to render a decision within forty-

---

[2] The DOD enhanced background check includes two steps, the investigatory phase and the military service suitability determinations ("MSSD") phase. *See Nio v. U.S. Dep't of Homeland Sec.*, No. 17-0998, 2019 WL 2211860, at *8 (D.D.C. May 22, 2019). In *Nio*, the court struck down as arbitrary and capricious the USCIS guidance requiring applicants to pass the MSSD phase before naturalizing. *Id.* at *19 (noting that the DOD had completed the investigatory phase for all class members in that case). *Nio* supports the Court's decision to give USCIS forty-five days because, regardless of where Ge falls in the two-step DOD background check process, at least one court has deemed half of that process invalid.

[3] Although USCIS did not require the DOD enhanced background checks for naturalization until July 7, 2017, the DOD began conducting these background checks on all MAVNI recruits on September 30, 2016.

five days. If USCIS fails to do so, Ge will have fifteen days thereafter to inform the court, at which time the Court will exercise its authority under § 1447(b) to decide the case.

### B. APA and Mandamus Act Claims

Ge asserts similar claims under the APA and Mandamus Act, asking the Court to compel USCIS to adjudicate his application. The defendants moved to dismiss these claims, asserting that the Court lacks jurisdiction over them. Because the Court has jurisdiction under § 1447(b) to decide or remand the plaintiff's case, the Court need not reach the APA and Mandamus Act claims. *See Kradi*, 2008 WL 2780984, at *3 (declining to reach the issues raised under the APA and Mandamus Act when the court found that it had jurisdiction under § 1447(b)).

## V. CONCLUSION

For the foregoing reasons, the Court will deny the defendants' motion to dismiss and grant the defendants' motion to remand pursuant to § 1447(b), with instructions for USCIS to adjudicate Ge's naturalization application within forty-five days. If USCIS fails to decide the application within forty-five days, Ge will have fifteen days thereafter to inform the Court. At that time, the Court will exercise its authority to decide the case pursuant to § 1447(b). The Court, therefore, will stay the case for sixty days.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 28 June 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge