IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUNFEI GE,
          Plaintiff,

v.                                                Civil Action No. 3:18-cv-889

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES, et al.,
          Defendants.

## OPINION

While in the United States on a student visa, Junfei Ge joined the U.S. Army in 2015 through the Military Accessions Vital to the National Interest ("MAVNI") recruitment program. MAVNI promises expedited processing of a recruit's naturalization application in return for his military service. Ge, a Chinese citizen, reported for active duty in May, 2016, and submitted his naturalization paperwork one week later. After several years and numerous delays, Ge filed this lawsuit pursuant to 8 U.S.C. § 1447(b), asking the Court to adjudicate his naturalization application. The Court remanded the case to the U.S. Citizenship and Immigration Services ("USCIS") pursuant to § 1447(b) and ordered USCIS to render a decision on Ge's application within forty-five days. If USCIS failed to do so, the Court would decide the application. Within weeks, USCIS adjudicated Ge's application, and Ge was sworn in as a U.S. citizen.

Ge now brings a motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"). Because Ge does not qualify as a "prevailing party" under the EAJA, the Court will deny the motion.

## I. BACKGROUND

Ge, a former Chinese citizen, entered the United States in 2011 on an F-1 student visa, which requires students to plan to return to their home countries when their visas expire. In 2015,

Ge enlisted in the U.S. Army to participate in MAVNI, which aims to recruit individuals with valuable skills to serve in the U.S. military in return for expedited processing of their U.S. naturalization applications. Because MAVNI requires applicants to intend to remain in the United States, Ge gave up his eligibility to hold an F-1 visa when he joined the program.

Ge reported for active military duty on May 17, 2016, and submitted the required paperwork for naturalization on May 25, 2016. He first interviewed for naturalization and passed all the required citizenship tests on July 13, 2016, but USCIS failed to decide his application within 120 days.[1] Ge interviewed a second time in May, 2017, and received notice that USCIS had approved his application and had scheduled his naturalization oath ceremony for July, 2017. A few weeks before the ceremony, however, USCIS cancelled the ceremony due to unforeseen circumstances and did not reschedule it. In September, 2017, 120 days after Ge's second interview, USCIS had not adjudicated his application or explained the unforeseen circumstances that had disrupted his naturalization process.

On December 27, 2018, Ge filed this lawsuit. He asked the Court to (1) approve his naturalization application or remand it to USCIS with instructions to adjudicate his application and schedule him for an oath ceremony within twenty-one days, pursuant to 8 U.S.C. § 1447(b); (2) find that the defendants violated the Administrative Procedures Act ("APA") by failing to conclude the matter presented to them within a reasonable time and compel USCIS to act; and (3) issue a writ of mandamus compelling USCIS to "follow [its] own statutes, regulations, and policies with respect to [Ge's] naturalization application, and to promptly administer [Ge's] Oath Ceremony." (Dk. No. 1, ¶ 60.) The defendants moved to dismiss Ge's claims regarding the APA

---

[1] If USCIS does not decide a naturalization application within 120 days of the "examination," the applicant can ask a federal district court for a hearing. 8 U.S.C. § 1447(b).

and the writ of mandamus and to remand Ge's § 1447(b) claim. The defendants also cited USCIS guidance, issued July 7, 2017, which instructed employees to place a hold on all MAVNI naturalization approvals pending the completion of "enhanced" background investigations conducted by the Department of Defense ("DoD"). The guidance prevented approved applicants from attending an oath ceremony until the DoD finished the enhanced background checks.[2] Because the DoD had not completed Ge's enhanced background check by his July, 2017 naturalization ceremony, it cancelled his ceremony.

Rather than adjudicate Ge's application, the Court granted the motion to remand "with specific instructions for USCIS to render a decision within forty-five days." (Dk. No. 22, at 6-7.) If USCIS failed to do so, the Court required Ge to notify the Court, "at which time the Court [would] exercise its authority under § 1447(b) to decide the case." (*Id.* at 7.) In light of its decision to remand, the Court declined to decide Ge's APA and mandamus claims. After Ge notified the Court "that he was happily sworn in as a United States citizen on July 17, 2019," (Dk. No. 24, at 1), the Court dismissed the case.

Ge has now moved for attorneys' fees under the EAJA, contending that he qualifies as a prevailing party entitled to those fees.[3] *See* 28 U.S.C. § 2412.

---

[2] The U.S. District Court for the District of Columbia later held that the USCIS guidance was "arbitrary and capricious." *Nio v. U.S. Dep't of Homeland Sec.*, 385 F. Supp. 3d 44, 68 (D.D.C. 2019).

[3] Ge seeks fees for work performed by attorneys of McCandlish Holton, P.C. Ge's other attorney, Beverly Cutler, provided her services pro bono and "did not keep contemporaneous records of the . . . hours she spent on this case." (Dk. No. 26, at 8 n.2.)

3

## II. DISCUSSION

Under the EAJA, courts must

> award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The parties dispute whether Ge qualifies as a "prevailing party" and whether the government's position was substantially justified.

To qualify as a "prevailing party" under the EAJA, a "material alteration of the legal relationship of the parties" must occur. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604 (2001).[4] Under *Buckhannon*, "enforceable judgments on the merits and court-ordered consent decrees create the material alteration . . . necessary to permit an award of attorney's fees." *Id.* (quotations omitted). "A defendant's voluntary change in conduct," however, does not give rise to attorney's fees because such a change does not have "a corresponding alteration in the legal relationship of the parties." *Id.* at 605.

---

[4] "Because the EAJA shares the 'prevailing party' language with the statute at issue in *Buckhannon* . . . , the *Buckhannon* principles are applicable." *Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006) (citation omitted).

Ge does not argue that he won an enforceable judgment on the merits or that a court-ordered consent decree exists. Rather, he argues that he prevailed in this case because the Court remanded the case to USCIS with instructions that it adjudicate his application within a certain time while retaining authority to adjudicate it if USCIS did not do so.

Although some courts have interpreted *Buckhannon* as merely setting forth examples of what could give rise to "prevailing party" status,[5] the Fourth Circuit has adopted a narrower view of *Buckhannon*. Indeed, in the Fourth Circuit, "*only* 'enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" *Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006) (quoting *Buckhannon*, 532 U.S. at 604) (emphasis added).[6]

For example, in *Hardt v. Reliance Standard Life Insurance Co.*, the Fourth Circuit held that a similar remand order fell outside the "bright-line boundary" of what constitutes a judgment on the merits. 336 F. App'x. 332, 335-36 (4th Cir. 2009) (per curiam), *rev'd on other grounds*,

---

[5] *See Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005); *Samsung Elecs. Co. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 502 (E.D. Va. 2006) (explaining that *Buckhannon* mentioned consent decrees and judgments on the merits as examples).

[6] *See also Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002) (considering whether a court order incorporating an agreement of opposing parties is functionally equivalent to a consent decree). Ge argues that *J.D. ex rel. Davis v. Kanawha County Board of Education*, 571 F.3d 381 (4th Cir. 2009), suggests a departure from *Goldstein*. In *J.D.*, the Fourth Circuit considered whether a party must win on its central claims to qualify as a prevailing party. Although it explained that a material change to the legal relationship "*may* be accomplished either through enforceable judgments on the merits [or] court-ordered consent decrees," the court did not suggest that it considered the *Buckhannon* requirements as examples only. 571 F.3d at 386 (emphasis added). Thus, that case did not relax *Buckhannon*'s requirements. In any event, the Court's Opinion and Order remanding the case, which set a time period for USCIS to make a decision but did not consider the merits of his application, did not materially alter the legal relationship of the parties and did not otherwise resemble a court-ordered consent decree or judgment on the merits. *See Buckhannon*, 532 U.S. at 604.

5

562 U.S. 242 (2010). In that case, the district court remanded a plaintiff's insurance claims to the insurance provider for another review, warning the insurance provider that it would enter judgment in favor of the plaintiff if the provider did not consider the evidence discussed in the court's remand order. When the insurer awarded the plaintiff benefits, the district court awarded fees to the plaintiff as a prevailing party. The Fourth Circuit reversed the district court, reasoning that the mere threat that the court would rule against the defendant "[did] not constitute an 'enforceable judgment[] on the merits' as *Buckhannon* requires." *Id*. at 336 (quoting *Buckhannon*, 532 U.S. at 604). The Fourth Circuit explained that the district court had not yet ruled on the merits of the claim and held that the plaintiff was not a "prevailing party." *Id.*

Like in *Hardt*, the Court remanded this case without reaching the merits of Ge's claims. Although USCIS acted within the time ordered by the Court and granted Ge citizenship, the Court's Opinion and Order merely required USCIS to make a decision—it did not direct the decision USCIS had to make. *Cf. Ogunsanya v. Gonzales*, No. PJM 07 CV 1724, 2007 WL 9782582, at *2 (D. Md. Dec. 28, 2007) (holding that "remanding the matter to USCIS with instructions as to the timeframe in which it must make a determination on his application" did not make the plaintiff a prevailing party because USCIS still lacked information it needed to make a final determination). In short, the Court's Opinion and Order does not represent a consent decree or enforceable judgment on the merits. Thus, Ge is not a "prevailing party" under the EAJA.[7]

The Court notes that the way the government handled Ge's application is pretty shabby. Our country's greatness has arisen from the contributions of people who have come here to offer their efforts and their talents. But we raise barriers even to legitimate entrants to the United States.

---

[7] Because Ge is not a prevailing party, the Court will not reach the question of whether the government's position was substantially justified.

Here, we have an immigrant who did everything the right way to become a citizen—he obtained a visa, he entered our military, he passed the citizen's test. Yet the government's way to welcome him was to require him to hire a lawyer to force the government to do the right thing. This is just shameful, and if the Court could figure out a way to give Ge his attorney's fees, it would.

### III. CONCLUSION

Because Ge does not qualify as a "prevailing party" under the EAJA, the Court will deny the plaintiff's motion for attorneys' fees and expenses.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 27 March 2020
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

7